AMERICAN CEMENT & PLASTER CO. et al.
v. EPPERSON et al.

No. 5060. Decided February 4, 1932. (7 P. [2d] 581.)

*Hutchinson & Hutchinson*, of Salt Lake City, for appellants.

*Le Roy B. Young*, of Ogden, and *Willard Hanson, Wm. A. Hilton, Gaylen S. Young, Dean E. Flanders*, and *L. I. Layton*, all of Salt Lake City, for respondents.

STRAUP, J.

This action was brought to establish a resulting trust in favor of the respondent in and to certain property held by the appellants and to require them to surrender it to the respondent. In such respect it is alleged that in April, 1925, the State Bank of Sevier at Richfield, Utah, as party of the first part, entered into a contract with T. W. Boyer and the respondent as parties of the second part, by the terms of which the second parties were given an option to purchase described properties consisting of lands, a cement mill with improvements, machinery, etc., and a number of unpatented mining claims, which properties the first party agreed to convey to the second parties on payment by them of a stated purchase price as by the contract provided. It further is alleged that Boyer assigned all his right, title, and interest to the respondent. Then it is alleged that,

the respondent being financially unable to meet the payment on the contract due April 1, 1928, and delinquent thirty days thereafter, a stockholders' meeting was called to meet on April 5th to devise means of negotiating with the bank for an extension of time within which to make such payment, for a modification of the contract in such particular, to raise funds for such purpose by assessment of the capital stock of the respondent or otherwise, reorganizing and refinancing the company and the consideration of such other matters as might be deemed necessary to keep alive the contract entered into with the bank. At such meeting the appellant Jones, a stockholder and an officer of the respondent company, acted as chairman of the meeting, and took part, as also did the appellant Epperson, in all matters before and considered at such meeting. As a result of such meeting, it was agreed among the stockholders of the respondent company to organize a new corporation, and, among other things, to permit the respondent corporation and its stockholders to exchange its and their stock for an equal number of shares in the new corporation, and that an assessment be levied on the capital stock of the new corporation, and a committee appointed to confer and negotiate with the bank in the premises. Then it in effect is alleged that the appellants Epperson and Jones, in breach of their trust and of their duties owing the respondent company and to deprive the respondent and its stockholders of all right, title, and interest in and to the contract and the property, so bargained and negotiated with the bank whereby a new contract was let by the bank to Epperson and Jones individually, and who then organized the appellant company, the American Keene Cement Company, and transferred and conveyed their contract to such company in full payment of its capital stock, substantially all of which was issued to Epperson and Jones, and who in breach of their trust declined and refused to recognize the respondent company or its stockholders in the transaction as having any right, title or interest in or to the new contract or new corporation or in or to the property or any part thereof. Hence this action

was brought to require the appellants to assign all of their right, title, and interest in and to the contract and in and to the property and the assets derived and possessed by them in virtue thereof to the respondent.

The appellants by their answer denied all of the material allegations of the complaint, including all of the alleged rights of the respondent and alleged right, title, and interest in and to themselves. The bank was not made a party to such action or proceedings. Upon the issues joined, the case was tried to the court, who found all of the issues in favor of the respondent, adjudged and decreed that the contract obtained by Epperson and Jones in effect was but a renewal of the contract theretofore entered into between the bank and respondent, and that it and all assets and benefits derived therefrom were held in trust for the use and benefit of the respondent, that the appellants, as against the respondent, had no right, title, or interest therein or to any part thereof, and ordered and adjudged that all right, title, and interest acquired by them through the contract from the bank and conveyed to the American Keene Cement Company and all benefits and assets derived in virtue of such contract belonged to the respondent, and ordered and adjudged that they be transferred and surrendered up to the respondent. From that judgment and to reverse which this appeal is prosecuted.

A motion is made by the respondent to dismiss the appeal. The motion was made after the appeal was perfected and the record transmitted to this court, and was renewed when the case on the appeal was submitted on merits. The grounds thereof are these: After the judgment became final and the appeal prosecuted therefrom to this court, it was averred and admitted that the bank, which was not a party to this proceeding, had commenced an action in the district court against the respondent, all of the appellants and others, to quiet title to the properties involved in this litigation on the appeal, alleging that it was the owner and entitled to the possession of all of such property; that the contract

entered into between the bank and Jones and Epperson and transferred and assigned to the American Keene Cement Company had been forfeited for non payment of payments and interest as in such contract provided, and that the respondent and the appellants or any or either of them had no right, title, or interest in or to the property or to any part thereof; that in such action the respondent appeared and joined issue, but the appellants and each of them, though regularly served with process, failed and neglected to appear, and suffered and permitted a default to be entered against them and each of them in accordance with the demands of the complaint of the bank, and that at the opening of the trial of such cause in open court, through their counsel, the appellants disclaimed any right, title, or interest in or to the property or any part thereof or to the contract entered into between the bank and Jones and Epperson and assigned by them to the American Keene Cement Company; and it further was made to appear that a final judgment was accordingly entered in the cause against the appellants and each of them, from which no appeal is prosecuted. All this is admitted. Since, therefore, the only right, title, and interest in and to the properties which the appellants on this appeal claim or assert is through the bank and in virtue of the contract Jones and Epperson obtained from the bank, and that since this appeal the appellants judicially disclaimed any and all right, title, and interest in or to the subject-matter of this appeal, it is clear that any further prosecution or consideration thereof, so far as affecting any rights of the appellants in the premises, is fictitious and fruitless. 3 C. J. 360 et seq., and cases there cited. Thus let the appeal be dismissed and the judgment of the court below affirmed, with costs to the respondent.

Such is the order.

CHERRY, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.